**Valdemar Joel M. LOPEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General,* Respondent.**

No. 02–74507.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.**

Decided July 20, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* We sua sponte amend the caption to reflect that Attorney General John Ashcroft is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, District Counsel, U.S. Immigration & Naturalization Service, Phoenix, AZ, James A. Hunolt, Esq., Richard M. Evans, Esq., Michael T. Dougherty, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS and BYBEE, Circuit Judges.

MEMORANDUM ***

Valdemar Joel M. Lopez, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of his applications for asylum and withholding of deportation. This case is governed by the transitional rules, and we have jurisdiction under 8 U.S.C. § 1105a(a). *See Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997).

The evidence here does not compel reversal of the BIA's finding that Lopez failed to show an objectively reasonable fear of persecution upon return to Guatemala. *See Gormley v. Ashcroft,* 364 F.3d 1172, 1180 (9th Cir.2004) (stating that to obtain reversal of the BIA's decision a

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

petitioner must show that "credible, direct, and specific evidence in the record" would compel any reasonable factfinder to conclude that he has a well-founded fear of persecution).

By failing to qualify for asylum, Lopez necessarily fails to satisfy the more stringent standard for withholding of deportation. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897, 900 (9th Cir.2004) (order), petitioner's voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.